## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| DANIEL D. POMPA and MERILY P. POMPA, | : | Bankruptcy No. 11-71103-JAD |
| Debtors, | : | Chapter 7 |
| ———————————————— X | | |
| NEXTIER BANK, N.A., | : | Adv. No. 12-7005-JAD |
| Plaintiff, | : | Doc. Nos. 35, 50 |
| v. | : | |
| DANIEL D. POMPA and MERILY P. POMPA, | : | |
| Defendants/Third-Party Plaintiff, | : | |
| v. | : | |
| ROBERT BARMEN, Formerly of Paragon Wealth Management, and MARK SEGAR, President of Mortgage Planning Group, | : | |
| Third-Party Defendants. | : | |
| ———————————————— X | | |

### MEMORANDUM OPINION

The matter before the Court is the *Motion to Dismiss Third Party Complaint* filed by Third-Party Defendant Robert Barmen and the *Motion for Leave of Court to Join in Defendant Robert Barmen's Motion to Dismiss* filed by Third-Party Defendant Mark Segar.[1] For the reasons expressed below, the *Motion to Dismiss* and the *Motion for Leave of Court to Join in the Motion to Dismiss* shall be granted.

---

[1] This *Memorandum Opinion* constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bank.P. 7052.

00009264.WPD

**I.**

This adversary commenced with the filing of a complaint objecting to the dischargeability of debt owed by the Debtor/Defendants ("Pompas") to Plaintiff NexTier Bank, N.A. ("NexTier") pursuant to 11 U.S.C. §523(a)(2). NexTier asserts that it is a secured creditor of the Debtors having extended a line of credit to the Debtors and their business entity of Pompa Health Solutions, LLC. As security for the line of credit, the Debtors granted an assignment of an investment account (the "Investment Account") to NexTier. The Debtors were trustees of a trust known as the Lisa Young Trust. In proceedings in the Court of Common Pleas, Orphans Court Division and Criminal Division, the Debtors were alleged to have made improper distributions from the trust assets. In those proceedings, the Debtors contended that the Investment Account was the property of the trust for which they were the trustees. NexTier asserts that the loan to the Debtors was obtained by false pretenses, false representation and/or actual fraud because they advised that the assigned Investment Account was their personal property.

After filing their answer, the Debtors filed a Third-Party Complaint against Robert Barmen ("Barmen") and Mark Segar ("Segar").[2] In that complaint, the Debtors contend that they relied on the professional advise of the two third-party defendants in listing the Investment Account as their personal property in completing the loan application. It was further contended that the advise of Barmen and Segar fell below the standard of care

---

[2] The Debtor's pleading was captioned as "Cross-Complaint" and filed as such. See Doc. #19. The Clerk's Office made a Corrective Entry on the docket requiring refiling as a Third-Party Complaint. See Doc. #20. Although the pleading is reflected on the docket as a Third-Party Complaint, the Cross-Complaint caption on the pleading itself remains. See Doc. #21. Because the Debtors were adding new parties, as opposed to asserting claims against parties already in the lawsuit, it is referred to herein as a Third-Party Complaint. See Fed.R.Civ.P. 14(a)(1) made applicable by Fed.R.Bankr.P. 7014.

for similar professionals.[3] The Debtors thus sought to have Barmen and Segar held jointly and severally liable to NexTier and the Debtors.

Barmen filed his *Motion to Dismiss Third Party Complaint* ("*Motion to Dismiss*") asserting five separate grounds for granting the dismissal pursuant to: (a) Fed.R.Civ.P. 12(b)(1) as joinder was improper pursuant to Fed.R.Civ.P. 14(a)(1); (b) Fed.R.Civ.P. 12(b)(1) as Barmen cannot be found liable in the dischargeability action; (c) Fed.R.Civ.P. 12(b)(6) for failure to state a claim for fraud; (d) Fed.R.Civ.P. 12(b)(6) for failure to state a claim for professional negligence; and (e) Fed.R.Civ.P. 12(b)(5) for failure to comply with the deadlines imposed by this Court's pretrial order. Thereafter, Segar moved for leave to join in the *Motion to Dismiss*. Segar seeks to join only the specific averments of the *Motion to Dismiss* regarding lack of subject matter jurisdiction (Fed.R.Civ.P. 12(b)(1)) and failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)).

A hearing was held on the subject motions at which time the Court took the matter under advisement.

## II.

Before addressing the merits of the dismissal motion, the Court considers whether Segar can join in the *Motion to Dismiss* which was filed just one day prior to the hearing held on the *Motion to Dismiss*. Segar had previously filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) based upon the Debtors' failure to timely serve the summons and file a certificate of service. The motion was denied by Order of Court dated February 1,

---

[3] Although the assertion sounded of an action for malpractice, no certificates of merit were filed. See Pa. R.C.P. 1042.3. Counsel for the Debtors indicated that given the opportunity, certificates could be provided.

2013. Accordingly, whether Segar can join in Barmen's dismissal motion requires further review.

The Debtors contends that the joinder motion is too late because Segar has already filed an answer to the complaint. The answer was filed simultaneously with the *Motion for Leave to Join* on February 27, 2013. While the Court recognizes that the unusual procedural posture this places Segar, it does not find the argument persuasive under the facts of this case. The Order of Court denying Segar's original Motion to Dismiss required that an answer be filed on or before March 1, 2013. If Segar did not timely file an answer, he would potentially risk default in the event that this joinder motion was not granted. Segar is in this peculiar procedural position as a result of having already filed one motion to dismiss, the denial of which resulted in a date certain to answer. Thus, it appears to the Court that the issue is not whether Segar is precluded by having filed an answer but whether Segar is entitled to another opportunity to assert that the complaint should be dismissed.

The basis of Segar's original Motion to Dismiss was insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5). Segar now asserts that he focused solely on insufficient service of process in his original Motion to Dismiss so as not to waste the Court's time in raising other defenses available under Fed.R.Civ.P. 12(b). However, pursuant to Fed.R.Civ.P. 12(g)(2), a party that moves to dismiss under Rule 12 cannot bring another motion raising an objection that was available but omitted from the earlier motion.

Exceptions to this subsection are provided in Fed.R.Civ.P. 12(h)(2) and(3). One of those exceptions allows for a party to bring a subsequent motion to dismiss for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3). Barmen has in fact sought

dismissal on the basis of lack of subject matter jurisdiction. Thus, pursuant to Fed.R.Civ.P. 12(h)(3), Segar can join in the dismissal motion as to the allegations of lack of subject matter jurisdiction under Fed.R.Civ.P. 12 (b)(1).

Another exception to filing a subsequent dismissal motion applies to a defense of failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)). Such a defense may be raised in any pleading allowed under Rule 7(a) (such as an answer), in a motion for judgment on the pleadings or at trial. The Court notes that Segar has asserted the affirmative defense of failure to state a claim upon which relief can be granted as to the fraud and professional negligence counts in his answer. See Doc. #51, p.3. Therefore, Segar's opportunity to raise a 12(b)(6) defense is not waived but is preserved for filing "the functional equivalent of a 12(b)(6) motion at a different time or in a different manner in the proceedings." See GCL, LLC v. Schwab, C.A. No. 11-04593, 2012 WL 4321972, *3 (E.D. Pa. Sept. 21, 2012).[4] In his *Motion to Join*, Segar seeks joinder only as to the allegations in the dismissal motion based on Fed.R.Civ.P. 12(b)(1)and (6). Those specific grounds fall within the exceptions provided where a previous motion to dismiss has been filed and adjudicated. Accordingly, the Court will allow Segar to join in the dismissal motion with Barmen.

### III.

The Court now considers whether the Third-Party Complaint brought by the Debtors is proper. Fed.R.Civ.P. 14 which prescribes third-party practice, states in

---

[4] Consideration of the motion to dismiss "would resolve the inevitable. Otherwise, the Court would only delay what is a necessary stage in the proceeding." Morrison v. Amway (In re Morrison), 421 B.R. 381, 389 (Bankr. S.D. Tex. 2009)(citing Marrama v. Citizens Bank of Mass., 549 U.S. 365, 368, 127 S.Ct. 1105 (2007)). However, as set forth below, the Court need not reach such consideration since it finds the Third-Party Complaint to be improper.

relevant part, that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." See Fed.R.Civ.P. 14(a)(1). A third-party complaint is appropriate where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim. See American Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008). That is, the third-party defendant's liability "must be derivative and must flow to the third-party plaintiff; mere liability by the third-party defendant to the plaintiff (as opposed to the third-party plaintiff) will not suffice." Farm Credit Services of Mid America PCA v. Swain (In re Swain), Adv. No. 09-6130, 2010 WL 2812727 (Bankr. N.D. Ohio July 15, 2010)(citing Ukasick v. Street (In re Street), 283 B.R. 775, 780 (Bankr. D. Ariz. 2002)).

The third-party practice rule is of limited applicablity. 10 COLLIER ON BANKRUPTCY ¶7014.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Contribution, indemnity and subrogation are often the basis of third-party claims. Swain, 2010 WL 2812727 at *1. Merely arising out of the same transaction or occurrence is not sufficient. See American Zurich, 512 F.3d 805.

The complaint against the Debtors seeks the narrow and limited relief of a finding of nondischargeability concerning the debt owed to NexTier. There is no request for a monetary judgment. The Debtors do not deny that they were extended a line of credit of $250,000 and pledged the Investment Account as security. See Doc. #5, ¶¶8,9. At the hearing on the *Motion to Dismiss*, counsel for the Debtors did not dispute that a debt was owed to NexTier. Thus, the existence and/or amount of any sums owed to NexTier by the Debtors is not at issue in this proceeding.

In the Third-Party Complaint against Barmen and Segar, the Debtors allege that the loan application to NexTier was filled out by Barmen and that it was the idea of Barmen and Segar to list the Investment Account as the personal asset of the Debtors on the loan application. See Doc. #21, ¶¶ 24.A., B. The Debtors further allege that Barmen and Segar knew that the loan application contained false information and that they relied on the professional advise of Barmen and Segar regarding financial matters associated with their roles as Trustees. See Doc. #21, ¶¶ 24.C., D. Accordingly, it is asserted, Barmen and Segar are jointly and severally liable to both NexTier and the Debtors.

The Debtors' Third-Party Complaint is proper if, and only if, Barmen and Segar may be liable to the Debtors for all or part of NexTier's *dischargeability* claim. It has been noted that an action that seeks only a determination of dischargeability is considered a declaratory action. As such, it is questionable whether an entity could ever be secondarily liable to a debtor in connection with a dischargeability determination. See e.g., Gulf Ins. Co. v. Narumanchi (In re Narumanchi), 221 B.R. 311, f.n.9 (Bankr. D. Conn. 1998)(third-party complaint confined solely to issue of nondischargeability beyond proper scope of Fed.R.Civ.P. 14(a)); Boucher, et. al. v. McCarter (In re McCarter), 289 B.R. 759 (Bankr. D.N.M. 2002)(dismissing third-party complaint filed in adversary confined to the issue of dischargeability as failing to fall within parameters of Fed.R.Bankr.P. 7014).

This proceeding, like that in Narumanchi and McCarter, supra, is limited to the issue of dischargeability. The only liability that could be found as to Barmen and Segar is a monetary one since the debt cannot be nondischargeable as to a nondebtor. As no monetary relief is sought, Barmen and Segar cannot be held liable to NexTier for the

Debtors actions of representing the Investment Account as their personal property. The Third-Party Complaint does not come within the limited confines of Fed.R.Civ.P. 14(a)(1).

Even if Plaintiff is successful in its action against the Debtors, it will not result in a monetary determination against the Debtors. Therefore, a determination of nondischargeability does not create a claim against Barmen or Segar for which they can be liable. Absent a monetary determination, there is no liability from the Third-Party Defendants to the Debtors. See e.g., U.S. Fire Ins. Co. v. Reading Mun. Airport Authority, 130 F.R.D. 38 (E.D. Pa. 1990).

Moreover, a determination of nondischargeability under 11 U.S.C. §523(a)(2) requires a showing of false representation, false pretense or actual fraud (see 11 U.S.C. §523(a)(2)(A)) or a writing that is false made with the intent to deceive (see 11 §523(a)(2)(B)). Thus, in order for a debt to be nondischargeable under section 523(a)(2), there must be some intentional conduct on the part of the debtor. To the extent that the Debtors may be seeking indemnification for future collection by NexTier should the debt be found nondischargeable, intentional tortfeasors in Pennsylvania are precluded from recovery as such a recovery would permit one to escape liability for his own deliberate acts. See e.g., Canavin v. Naik, 648 F. Supp. 268 (E.D. Pa. 1986)(citations omitted). Therefore, "third-party complaints for indemnification routinely are dismissed where the defendant/third-party plaintiff may be liable on the primary complaint only if he or she is an intentional wrongdoer." United Orient Bank, et. al. v. Green, 20 B.R. 62 (S.D.N.Y. 1997).

## IV.

Because this Court determines that the Third-Party Complaint does not fall within the parameters of Fed.R.Civ.P. 14, it need go no further in its analysis. However, in the interest of completeness, it will review the remaining allegations of the *Motion to Dismiss*.

A complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face in order to sustain a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists when facts are pled that allow the court to draw the reasonable inference that the defendant is liable of the misconduct alleged. Id.

In the Third-Party Complaint, the Debtors contend that the third-party defendants advised them to sign the loan application knowing that it contained false/fraudulent information in order to obtain the loan. Further, they relied completely on the advise of the third party defendants regarding their actions as trustees of the trust.

An allegation of fraud must "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, or other conditions of a person's mind may be alleged generally." See Fed.R.Civ.P. 9(b). Requiring specificity is for purposes of providing notice to the defendant, "not to test the factual allegations of the claim." In re Tarragon Corp., Adv. No. 09-01465, 2011 WL 1048633, *3 (Bankr. D. N.J. Mar. 18, 2011) (citing Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 n.2 (3d Cir. 2003)). The heightened pleading requirement applies to actions alleging common law fraud. See In re McConnell, 390 B.R. 170 (Bankr. W.D. Pa. 2008).

In Pennsylvania, the elements of common law fraud are: (1) misrepresentation of material fact; (2) scienter; (3) intention by declarant to induce action; (4) justifiable reliance by the party defrauded by the misrepresentation; (5) damage to the party defrauded as a proximate result. See Hartford Ins. Co. v. Lewis (In re Lewis), 478 B.R. 645 (Bankr. E.D. Pa. 2012) (citations omitted).

Barmen contends that the Third-Party Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for fraud as no justifiable reliance has been pled by the Debtors. The alleged lack of justifiable reliance is based upon the position taken by the Debtors in the proceeding in Orphans Court, Criminal Court and at the 341 meeting in this case that the Investment Account was the property of the trust - not their personal property.

Justifiable reliance requires that a creditor not blindly rely on a "misrepresentation the falsity of which would be patent to him if he had utilized the opportunity to make a cursory investigation or examination." See Field v. Mans, 516 U.S. 69, 71 (1995). A creditor need not investigate unless the falsity is apparent. Id. at 70-71. A cursory review of the loan application, even if prepared by Barmen, would have revealed the misstatement. The Debtors signed the application and, therefore, would have reviewed the application. As trustees of a trust that the Debtors were administering, it is difficult to imagine that the Debtors would not have recognized the misstatement of listing the Investment Account as their personal property. Moreover, the Debtors did not deny in their "Response" to the complaint that they took the position in the Orphans Court case, the criminal cases against them and the 341 Meeting that the Investment Account was not their personal property.

Even if justifiable reliance could be shown on the part of the Debtors, there are no damages to the Debtors as a proximate result of that reliance. That is, there is no allegation that listing the Investment Account as personal property was what caused the Debtors to take out the loan with NexTier. Nor is it what resulted in the Debtors apparent failure to repay the loan. Although not argued by Barmen, no allegation is pled as to any inducement by Barmen to have the trust listed as the Debtors' personal property.

As a further argument, Barmen asserts that to the extent that the Debtors may be asserting a professional negligence claim, it should be dismissed for failure to show entitlement to relief. A cause of action for professional negligence requires three elements: (1) employment by a person or entity giving rise to a duty to the plaintiff; (2) failure of the defendant to exercise ordinary skill and knowledge; and (3) the negligence proximately caused damages to the plaintiff. See Thompson v. Glenmede Trust Co., Civ.A. 92-5233, 1993 WL 197031 (E.D. Pa. June 8, 1993)(citing Schenkel v. Monheit, 405 A.2d 493, 494 (Pa. Super. 1979)).

In the instant case, the Debtors have failed to allege how the alleged negligence of Barmen and Segar have proximately caused them damages. To the extent the Debtors claim damages, the Debtors themselves signed the loan application that contained the misstatement. Further, it was the Debtors who borrowed and utilized the funds loaned by NexTier. See e.g., Cilio v Wezner, et. al. (In re Wezner), 470 B.R. 344 (Bankr. E.D. Pa. 2012)(even assuming truth of third-party plaintiffs allegations of negligence against third-

party defendant, such alleged negligence or breach of duty did not excuse debtor's conduct or potential liability).[5]

As a final argument, Barmen contends that the Debtors Third-Party Complaint should be dismissed pursuant to Fed.R.Civ. P. 12(b)(5) for failure to timely serve the Third Party Complaint, summons and pretrial order in compliance with this Court's Second Pretrial Order. Because there are ample substantive reasons to grant the *Motion to Dismiss*, the Court need not address the procedural arguments.

### V.

For the above reasons, the Court finds that Third-Party Defendant Segar's *Motion to Join* is appropriate. In addition, the Court finds that the Third-Party Complaint filed by the Debtors against Barmen and Segar does not fall within the limits of Fed.R.Civ.P. 14. The allegations made against Barmen and Segar, even if true, do not result in a derivative action. Nondischargeability cannot be found as to nondebtor third parties. Appropriate orders shall be entered granting the *Motion to Join* filed by Third-Party Defendant Mark Segar and the *Motion to Dismiss* filed by Third-Party Defendant Robert Barmen.

May 23, 2013

JEFFERY A. DELLER
U.S. Bankruptcy Judge

**FILED**

MAY 23 2013

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

case administrator to serve:

Mark B. Peduto, Esq.
Brian M. Kile, Esq.
Paul R. Yagelski, Esq.
Jennifer L. Cerce, Esq.
Brian P. Benestad, Esq.

---

[5] To the extent that damages to NexTier rather than the Debtors are considered, again, any such damages were not proximately caused by Barmen.